

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-319-CR**

CALVIN JAVIER HOLLOWAY                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After waiving a jury and entering an open plea of guilty, appellant Calvin Javier Holloway appeals his conviction and ten-year sentence for aggravated robbery with a deadly weapon.[2]  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[3] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. We gave appellant the opportunity to file a pro se brief, and he has not filed one. The State also has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[4] Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find

---

[3] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[4] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[5] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

nothing in the record that might arguably support the appeal.[6] Accordingly, we

grant counsel's motion to withdraw and affirm the trial court's judgment.


PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 12, 2009

---

[6] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).